Hon. Robert G. Main, Jr. Village Attorney, Malone
This is in reply to your letter of June 15, 1979, in which you seek this office's opinion as to the following question:
"* * * whether the Malone Joint Recreation Commission can award the annual concession contract to a relative of a member of the Commission [wife of the Chairman], where the relative is the highest bidder, and where all other bidding requirements have been satisfactorily complied with".
Section 801 of the General Municipal Law states that no municipal officer or employee shall have an interest in any contract with his municipality when he, either independently or as a member of a board, has the power or duty to negotiate, prepare, authorize or approve such contract or approve payment thereunder, or audit bills or claims under the contract. A member of the recreation commission has such powers.
In addition subdivision 3 of section 800 of that statute provides in part as follows:
 "For the purposes of this article a municipal officer or employee shall be deemed to have an interest in the contract of (a) his spouse, * * *".
It is the opinion of this office that the foregoing sections of the General Municipal Law prohibit the award of a contract under the circumstances set forth. It is the further opinion of this office that an award of contract after competitive bidding will not cure the prohibition unless the possibility exists that under the contract in which the officer or employee had an interest during any fiscal year does not exceed $100 (General Municipal Law, § 802 (2) (f)).